# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **WOLFGANG WAGNER,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**JOHN APISSON,**<br><br>            **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:13cv937**<br><br>**District Judge Robert J. Shelby**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is John Apisson's ("Defendant") motion (1) to compel Wolfgang Wagner's ("Plaintiff") deposition and (2) for an independent medical examination ("IME") of Plaintiff pursuant to rule 35 of the Federal Rules of Civil Procedure.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## RELEVANT BACKGROUND

This action arises out of a skiing/snowboarding accident that occurred on February 22, 2012, at the Park City Mountain Resort in Summit County, Utah. Plaintiff, a resident of

---

[1] *See* docket no. 18.

[2] *See* docket no. 16.

Germany, claims that Defendant, a minor and resident of New York, lost hold of a snowboard he was carrying over rough terrain which in turn slid downhill and collided with Plaintiff. Plaintiff claims to have sustained serious injuries as a result of the collision with Defendant's snowboard.

Defendant has moved the court for an order compelling Plaintiff's deposition in Utah and an order requiring Plaintiff to submit to an IME also in Utah. Plaintiff argues that because of the time and financial costs involved, he will not voluntarily travel to Utah for a deposition or an IME. Instead, Plaintiff proposes that his deposition be taken remotely by telephone or video conference or by means of written deposition questions. Plaintiff additionally opposes an IME on the grounds that Defendant can obtain all relevant information relating to Plaintiff's physical condition through Plaintiff's deposition and an expert's review of Plaintiff's medical records.

## **ANALYSIS**

First, Defendant moves this court for an order compelling Plaintiff to appear in Utah for his deposition. Specifically, Defendant asserts that because Plaintiff has chosen to file suit in this forum, Defendant should be allowed to depose Plaintiff in Utah. In response, Plaintiff contends that requiring him to travel to Utah from Germany will impose unnecessary burden, in terms of both time and expense. Moreover, Plaintiff argues that Defendant will suffer no prejudice if Plaintiff's deposition is taken remotely by telephone or video conference or by means of written deposition questions. Defendant argues that Plaintiff has failed to demonstrate good cause for deviating from the general rule that a plaintiff must appear in the forum state for his or her deposition. The court agrees.

Rule 30 of the Federal Rules of Civil Procedure does not dictate the location of a deposition. That said, a "trial court has great discretion in establishing the time and place of a

deposition." *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987).  The court also has discretion to prohibit and/or regulate discovery by "specifying terms, including time and place, for the disclosure or discovery."  Fed. R. Civ. P. 26(c)(1)(B).  Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . prescribing a discovery method other than the one selected by the party seeking discovery."  Fed. R. Civ. P. 26(c)(1)(C).

In general, "the party noticing the deposition has the right to choose its location."  *O'Neil v. Burton Group*, No. 2:09-cv-862 DBP, 2012 WL 5523819, at *2 (D. Utah Nov. 14, 2012). With respect to the deposition of a plaintiff, he or she is generally "required to make himself or herself available for examination in the district in which suit was brought . . . . [because] the plaintiff has selected the forum and should not be heard to complain about having to appear there for a deposition."  *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012) (quotations and citation omitted).

The court is not unsympathetic to Plaintiff's situation.  That said, Plaintiff is reminded that he initiated this case.  In doing so, he must bear the consequences caused by litigation, which include some burdens and inconveniences.  Furthermore, the rule requires that the court protect parties only from "undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  While it may be difficult and costly for Plaintiff to travel to Utah from Germany for his deposition, the court concludes that it is not unduly so.  Accordingly, Defendant's motion to  is **GRANTED** and Plaintiff is **ORDERED** to appear for an in-person deposition in Utah at a mutually convenient time for both parties.

Second, Defendant moves the court for an order requiring Plaintiff to submit to a physical examination pursuant to rule 35 of the Federal Rules of Civil Procedure. In relevant part, rule 35 provides that

> [t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order . . . my be made only on motion for good cause . . . and . . . must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a). "[T]he party seeking the exam must show that 'the mental or physical condition' of the party who is to be examined 'is in controversy,' and that there is 'good cause' for the examination." *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 689 (10th Cir. 2007) (quoting *Schlangenhauf v. Holder*, 379 U.S. 104, 118-19 (1964)).

Plaintiff alleges that he has suffered "right proximal humerus fracture dislocation, severe pain throughout right arm and shoulder joint, lymphedema right upper arm, acroarthritis right elbow, pain throughout neck and shoulder blade; back pain, left knee pain."[3] While Plaintiff concedes that his physical condition is in controversy in this matter, he argues that Defendant has not shown good cause for an IME because he has not translated and reviewed Plaintiff's German medical records to determine whether a records review would suffice in lieu of an IME. Plaintiff also asserts that because Defendant has not provided the court with sufficient information regarding the details of the proposed examination as required by rule 35, his motion should be denied.

---

[3] Docket no. 16, Exhibit A, at 3.

The court is not persuaded by Plaintiff's arguments. Defendant has established both the "in controversy" and "good cause" requirements of rule 35 and, as such, Defendant is entitled to have Plaintiff examined by a rule 35 examiner. Such an examination is necessary in order for Defendant to more fully understand Plaintiff's physical condition and future treatment. Defendant should not be forced to translate and decipher German medical records in hopes of finding the information he needs, as Plaintiff contends he should.

Furthermore, the court concludes that conducting an IME in Germany would be unreasonable, impractical, and unreliable. Because the court has already ordered that Plaintiff must travel to Utah for his deposition, both Plaintiff's deposition and IME can be scheduled and accomplished in one trip. Accordingly, Defendant's motion to compel Plaintiff to undergo an IME with a qualified physician in Utah is **GRANTED.**

Third, Plaintiff requests that, if the court requires him to travel to Utah, Defendant be ordered to share in the travel costs associated with Plaintiff's travel. Again, the court is not persuaded by Plaintiff's argument. The travel costs Plaintiff will incur in his trip to Utah are ordinary litigation expenses and should have been reasonably anticipated when Plaintiff brought suit in this district. Therefore, Plaintiff is responsible for all costs associated with traveling to Utah for the above ordered deposition and IME.

As a final matter, the court directs the parties to meet and confer in an attempt to find a mutually agreeable time to conduct the deposition and rule 35 examination. Moreover, the court strongly encourages counsel to attempt to agree upon the details of the IME. If those attempts are successful, the parties shall submit to the court a proposed stipulated order in compliance with rule 35(a)(2)(B). *See* Fed. R. Civ. P. 35(a)(2)(B). The court will then enter the proposed

order, and the examinations may proceed. If those attempts are unsuccessful, the parties may bring the issue before the court by way of an appropriate motion. The court admonishes counsel to make every possible effort to reach agreement on the details of the rule 35 examination. This will ensure that the parties have some input with respect to those details, rather than leaving the decisions regarding the examination details to the court, with results that may not be to the liking of either Plaintiff or Defendant.

## **CONCLUSION**

Based on the foregoing, Defendant's motion to compel Plaintiff's deposition and for a rule 35 IME is **GRANTED**. The parties are **ORDERED** to meet and confer in an attempt to (1) find a mutually agreeable time to conduct the deposition and rule 35 examination in Utah and (2) agree upon the details of the IME under rule 35(a)(2). Plaintiff is responsible for all costs associated with traveling to Utah.

**IT IS SO ORDERED.**

DATED this 24th day of October, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge