**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **WOLFGANG WAGNER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOHN APISSON,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:13cv937**<br><br>**District Judge Robert J. Shelby**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Wolfgang Wagner's ("Plaintiff") motion for a protective order regarding the translation of Plaintiff's German records into English and (2) John Apisson's ("Defendant") cross-motion to compel Plaintiff's already-translated documents. Both motions were filed pursuant to the court's Short Form Discovery procedure.

**BACKGROUND**

This is a personal injury action arising out of a skiing incident which occurred while Plaintiff was visiting Utah from his home in Germany. After an initial surgery and hospital stay in Utah, Plaintiff returned to Germany where he underwent additional surgery and physical therapy. Most of Plaintiff's relevant medical records are in German. Other relevant documents,

---

[1] *See* docket no. 18.

such as Plaintiff's tax returns, are also in German. Plaintiff has produced all relevant documents to Defendant in their original, untranslated format.

Defendant has requested translated copies of the records Plaintiff intends to use at trial. Plaintiff indicates that he will not provide translated copies of said documents unless Defendant reimburses him half of the $8,450 he has paid to translate his records for use at trial. Defendant refuses to do so.

**DISCUSSION**

Plaintiff argues that the translated records constitute trial preparation material protected from discovery by Federal Rule of Civil Procedure 26(b)(3). Plaintiff further asserts that he has already produced the records in their original form and that Defendant is free to have those records translated at his own expense. Defendant argues that under rule 26(a), parties are required to provide copies of the documents they may use to support their claims and defenses at trial and that any German records Plaintiff uses at trial must be translated into English should this matter go to trial. Thus, Defendant contends that it is Plaintiff's responsibility to produce the translated documents to Defendant during discovery.

While there is no Tenth Circuit case on point, the few courts that have examined this issue have held that the producing party has no obligation to provide translated documents during the discovery process. *See, e.g.*, *Briese Lichttechnik Vertriebs GmbH v. Langton*, 272. F.R.D. 369, 376 n.4 (S.D.N.Y. 2011) (collecting cases). By refusing to contribute to the cost of translation, Defendant is essentially asking Plaintiff to fund, at least in part, Defendant's discovery efforts without regard to the "well-accepted principle that each party bear the ordinary burden of financing his own suit." *In re Puerto Rico Elec. Power Auth.*, 687 F.2d 501, 506 (1st

Cir. 1982). Furthermore, "the respondent in the discovery proceeding should be entitled, at very least, to reimbursement for translation expenses." *Id.* at 509 n.3; *see also In re Fialuridine Prod. Liab. Litig.*, 163 F.R.D. 386, 387 (D.D.C. 1995) ("[A] party cannot impose the cost of translating documents that exist in a foreign language on the producing party. . . . [T]here is no general rule that requires a party to translate documents into the requesting party's native tongue, and it is the requesting party who bears the cost of translating the documents.").

While Defendant correctly asserts that Plaintiff must disclose any documents he intends to introduce at trial, Plaintiff is under no obligation to disclose those documents until thirty (30) days prior to trial. *See* Fed. R. Civ. P. 26(a)(3)(B) ("Unless the court orders otherwise, these [pretrial] disclosures must be made at least 30 days before trial."). Because Plaintiff has already produced the requested documents, albeit in their original form, Plaintiff is under no obligation to produce them in their translated form during discovery. That said, Defendant may have anyone translate the documents for purposes of discovery and is not bound by Plaintiff's translation of the documents. There has been no finding by the court that Plaintiff's translation of the documents is an official translation accepted by the court. Should there be a question of authenticity regarding the competing translations, the parties may present that question to the court by way of an appropriate motion.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for a protective order is **GRANTED** and Defendant's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

DATED this 26th day of November, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge